UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


CALVIN L. GREER                                                                                     PLAINTIFF


             VS.                            Civil No. 3:14-cv-03057-MEF


CAROLYN W. COLVIN,                                                                          DEFENDANT
Commissioner of Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Calvin L. Greer, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background:

Plaintiff filed his application for DIB on June 24, 2011 and SSI on June 28, 2011[1], alleging an onset date of June 14, 2011, due to a herniated disc in his back and pinched nerve in his right leg and right knee. (T. 239) Plaintiff's applications were denied initially and on reconsideration. (T. 144-146, 147-150, 153-154, 155-157) Plaintiff then requested an administration hearing, which was held via teleconference before Administrative Law Judge ("ALJ"), Hon. Edward M. Starr, on April 29, 2013.  Plaintiff was present and represented by counsel.

---

[1] A prior application for disability was filed on November 2, 2009. On February 18, 2014, the Hon. James Marschewski, United States Magistrate Judge, found substantial evidence supporting the ALJ's decision issued June 13, 2011, denied Plaintiff benefits, and affirmed the ALJ's decision.

1

At the time of the hearing, Plaintiff was 38 years old, had graduated from high school, and had some technical training. (T. 239) His past relevant work experience included working as a telecommunications installer from 1998 to 1999, 2000 to 2001, and November 2005 to April 2006, an assistant foreman at a plastic molding factory from 2004 to 2005, and motorcycle parts store salesman from 2008 to 2010. (T. 231, 241)

On April 19, 2013, the ALJ found Plaintiff's low back herniation, obesity, and mood disorder severe. (T. 13) Considering the Plaintiff's age, education, work experience, and the residual functional capacity ("RFC") based upon all of his impairments, the ALJ concluded Plaintiff was not disabled from June 14, 2011, through the date of his Decision issued April 19, 2013. The ALJ determined Plaintiff had the RFC to perform sedentary work except he was unable to perform overhead work, could not climb ladders, crawl, kneel, or crouch; he must avoid hazards including unprotected heights and moving machinery. He was able to occasionally climb stairs, balance, and stoop. He could understand, remember, and carry out simple routine repetitive tasks and respond to supervision that was simple, direct and concrete. Plaintiff responded to usual work situations and routine work changes, and he was able to occasionally interact with supervisors, coworkers and the public. (T. 15)

Plaintiff appealed this decision to the Appeals Council, but his request for review was denied on April 10, 2014. (T. 1-4) Plaintiff then filed this action on May 29, 2014. (Doc. 1) This case is before the undersigned pursuant to consent of the parties. (Doc. 6) Both parties have filed briefs, and the case is ready for decision. (Doc. 10 and 13)

## II.   Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than

a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the alleged date of onset on June 14, 2011 through the date of the ALJ's Decision issued April 19, 2013. Plaintiff raises two issues on appeal, which can be summarized as: (A) the ALJ erred in step-two of his analysis; and, (B) the ALJ erred in step-five of his analysis. (Doc. 10, pp. 13-15)

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and they are repeated here only to the extent necessary.

**Step Two Analysis:**

Plaintiff alleges the ALJ erred in not finding Plaintiff's bilateral knee pain severe. (Doc. 10, pp. 13-14) The undersigned has reviewed the record and finds substantial evidence supports the ALJ's step two analysis.

As mentioned above, the Commissioner uses a five-step sequential process to evaluate and determine if a claimant is disabled. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if her impairments are not "severe." *Simmons,* 264 F.3d at 754; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). An impairment is "not severe" if it amounts only to a slight

abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities.  *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a).  If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007).  It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000).  Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing.  See, e.g., *Page*, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir. 2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms (see [20 C.F.R.] § 404.1527). 20 C.F.R. § 404.1508.

The ALJ took into consideration medical evidence that predated this claim.  He looked to Dr. David Wadley, who determined, after reviewing the x-ray, Plaintiff's right knee showed mild degenerative changes, but there was no evidence of a fracture or dislocation. (T. 328)

5

During the relevant time period, Plaintiff also sought treatment from Dr. Donald Wright, physician at the Medical Center Clinic of Izard County, on three occasions.  On September 8, 2011, Plaintiff was diagnosed with hypertension, shingles, and right knee pain.  Dr. Wright prescribed Acyclovir, Lisinopril, Hydrochlorothiazide, and Ultram. (T. 342) On April 5, 2012, Plaintiff had a follow up appointment regarding his hypertension medication.  Plaintiff reported he had been without medication for approximately one week and wanted a prescription for Ultram and something for his allergies. Plaintiff was diagnosed with hypertension, off medication; chronic pain; and, allergies. (T. 479) On July 2, 2012 Plaintiff sought treatment for bronchitis, and the record contained no complaints about Plaintiff's knee. (T. 477)

The ALJ took into consideration the consultative examination performed by Dr. Michael Spataro on October 3, 2011.  Plaintiff alleged a herniated disc, pinched nerve in the right leg, and right knee problems. (T. 344) Upon examination Dr. Spataro observed Plaintiff's right knee was minimally tender with effusion and there was mild crepitation during movement.  He had mild diminished extension of approximately 10 degrees. (T. 345) Dr. Spataro observed Plaintiff had an antalgic gait with the use of a cane, which was not medically necessary; however, he had stable station without the use of a cane. (T. 345) Plaintiff was able to rise from a seated position without assistance; he could stand on tiptoes and heels with lower back and knee discomfort; and he was able to bend and squat less than halfway secondary to same. (T. 345) Plaintiff's x-rays of the right knee showed the cartilage knee joint spacing was within normal limits.  The medical and lateral tibial plateau was smooth without subchondral sclerosis, underlying medullary changes, or osteophyte formation.  There were no other bony degenerative changes in the knee joint.  The soft tissue was unremarkable.  Dr. Spataro's impression was an unremarkable knee joint. (T. 346)

Dr. Spataro diagnosed Plaintiff with a history of injury to the lower back, right hip, and right knee secondary to injury after a vehicle that he was working on moved suddenly; history of hypertension; and, obesity. (T. 346) Based upon the examination, Dr. Spataro believed Plaintiff had moderate limitations to sit, walk and/or stand for a full workday secondary to chronic lower back pain, chronic right knee pain, and chronic right hip pain.  He had moderate limitations to routinely lift or carry objects secondary to the same.  He was able to hold a conversation, respond appropriately to questions, and carry out and remember instructions without limitations.

Dr. Stephen A. Whaley, state agency medical consultant, reviewed the record on October 27, 2011, and determined Plaintiff was able to occasionally lift twenty pounds; frequently lift ten pounds; and, sit, stand, and walk about six hours in an eight-hour work day.  He was unlimited in pushing and pulling. (T. 352) Dr. Whaley opined Plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl (T. 353), and Plaintiff retained the RFC to perform light work with occasional postural limitations. (T. 358) Dr. Bill Payne, state agency medical consultant, reviewed the evidence of record on December 29, 2011, and affirmed Dr. Whaley's assessment. (T. 370)

Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record.  *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt*, 204 F.3d at 852 (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation). In the present case, the medical evidence of record does not support a conclusion that Plaintiff's knee pain was severe.

While the ALJ did not express his reasoning for not finding Plaintiff's knee pain severe, the Eight Circuit has held there is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record.

*See Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003); *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001).

Plaintiff had the burden of showing a severe impairment significantly limited his physical ability to perform basic work activities and he failed to meet that burden. *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001). The undersigned finds substantial evidence supported the ALJ's determination of Plaintiff's severe impairments of low back disc herniation, obesity, and mood disorder, but not the other alleged impairments; however, even if the knee pain was severe, the Court finds this error to be harmless because the ALJ's RFC assessment took the Plaintiff's knee pain into consideration.

**Step Five Analysis:**

Plaintiff alleges the ALJ failed to take into consideration Plaintiff's side effects of his medications and the ALJ failed to propound those side effects in the hypothetical given to the vocational expert.

Plaintiff testified that he experienced side effects including drowsiness, dizziness, and feeling sick to his stomach caused by his Flexeril, hydrochlorothiazide, and Lisinopril. (T. 43). However, plaintiff failed to report these side effects to his treating physicians. *Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly discounted when plaintiff did not complain to doctors that her medication made concentration difficult).

While it is the ALJ's duty to develop the record, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five. *Harris v. Barnhart,* 356 F.3d 926, 931 n. 2 (8th Cir. 2004). At this step, the Commissioner must determine whether work exists in significant numbers. This Circuit has adopted the standards set forth in *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). See *Jenkins*

*v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (adopting *Hall*). After discussing certain factors that a judge might consider in making this determination, such as the reliability of the claimant's and the vocational expert's testimony, the Hall court stated that "[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Jenkins*, 861 F.2d at 1087 (quoting *Hall*, 837 F.2d at 275).

After reviewing the propounded interrogatories, the vocational expert determined that given all of the factors, Plaintiff would have been able to perform the requirements of representative occupations such as machine tender (with 16,550 jobs in the national economy and 220 jobs in Arkansas), an assembler (with 22,100 jobs in the national economy and 315 jobs in Arkansas), and inspector (with 3,980 jobs in the national economy and 50 jobs in Arkansas). All of the jobs above would be performed at a sedentary level and were unskilled. The vocational expert also stated her testimony was consistent with the information found in the Dictionary of Occupational Titles. (T. 690-691, 695)

While the Plaintiff contends the ALJ failed to propound a hypothetical containing Plaintiff's side effects of his medication, the undersigned finds the ALJ properly relied upon the testimony of the vocational expert to determine that prior to June 14, 2011, jobs existed in significant numbers in the national economy which Plaintiff could have performed.  The Eighth Circuit has held "the ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (quotation and citation omitted). Furthermore, the Plaintiff had the opportunity to submit questions to the vocational expert, but chose not to do so. (T. 308)

Here, the Commissioner met her burden of showing the Plaintiff was not disabled, because the vocational expert's testimony was sufficient to show there were a significant number of jobs in the

9

economy that the Plaintiff could have performed. The undersigned finds that the ALJ conducted a proper step five analysis, and that substantial evidence supported the ALJ's determination that the Plaintiff was not disabled from June 14, 2011 through April 19, 2013.

## IV.    Conclusion:

Having carefully reviewed the record as a whole, the undersigned finds that substantial evidence supports the Commissioner's decision denying Plaintiff benefits, and the Commissioner's decision should be affirmed. Plaintiff's Complaint should be dismissed with prejudice.

Dated this 30th day of July, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE